## (January 22, 1964)

■      ELIZABETH NYSTROM, Respondent, v. NATIONAL AIRLINES, INC., Appellant.— In a negligence action, defendant appeals from an order of the Supreme Court, Queens County, dated July 30, 1963, which *inter alia*: (1) granted plaintiff's motion to vacate the dismissal of her complaint for failure to file a statement of readiness; and (2) restored the action to the trial calendar. Order reversed, without costs; motion denied; action struck from the calendar; and judgment (or order) of dismissal reinstated. Plaintiff is alleged to have sustained injuries in August, 1954, while she was a passenger aboard defendant's aircraft. In December, 1954, plaintiff commenced this action in the Supreme Court, Queens County, by the service of a summons. In January, 1955 a complaint followed and in the same month issue was joined. A note of issue was filed for the February 1955 Term; the action was assigned a jury calendar number; and it was placed on the Trial Calendar. Thereafter, defendant examined plaintiff before trial and pretrial conferences were held. In September, 1957 plaintiff served a statement of readiness upon defendant's attorneys. However, a copy of that statement apparently was not received by the Clerk

of the Supreme Court. In October, 1957 the action was marked off the calendar and, in October, 1958, the action was dismissed pursuant to subdivision e of rule II of the Queens County Supreme Court rules. In May, 1960 the member of plaintiff's attorneys' firm who was in charge of the action died. In July, 1963 plaintiff moved to vacate the dismissal of the action and to restore it to the Trial Calendar. In an affidavit in support of this motion, plaintiff's attorneys alleged that, at about the time of plaintiff's motion, they ascertained that the plaintiff's action had been dismissed because of failure to file the required statement. In our opinion, even if it be assumed that the statement of readiness was mailed to the clerk, proper supervision of the action by plaintiff's attorneys would have avoided the inordinate delay of nearly five years between the dismissal of the action and plaintiff's motion to vacate such dismissal. Under the circumstances, it was an improper exercise of discretion to have granted plaintiff's motion (*Von Diezelski* v. *Food Fair Stores*, 18 A D 2d 724; see *Sortino* v. *Fisher*, 20 A D 2d 25). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.